UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**MIGUEL DIAZ,**

                     **Plaintiff,**

   vs.                                                9:19-CV-1438
                                                          (MAD/TWD)

**ERIC J. SMITH,** *Correction Officer for DOCCS*;
**TREVOR DUNNING,** *Sgt. for DOCCS*; **ADAM J.
GALLAGHER,** *C.O. for DOCCS*; **JOSHUA
TULIP,** *C.O. for DOCCS*; **ROBERT J. LAMICA, II,**
*C.O. for DOCCS*; **GERALDINE M. WILSON,** *Nurse
for DOCCS*; **JAMES B. TROMBLEY,** *C.O. for
DOCCS*; **BRYAN T. LECLAIR,** *C.O. for DOCCS*;
**CAPTAIN STACY DOMINIC; ERIC E.
MARSHALL; GABRIEL OBREGOZO;** and **S.
SALLS,** *Corrections Lieutenant*,

                     **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FARRELL FRITZ P.C.**<br>19 Dove Street<br>Ste. 202<br>Albany, New York 12210<br>Attorneys for Plaintiff | **JASON A. LITTLE, ESQ.** |
| **OFFICE OF THE NEW YORK<br>STATE ATTORNEY GENERAL**<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendants | **LAUREN ROSE EVERSLEY, AAG<br>ANTHONY HUNTLEY, AAG<br>DAVID C. WHITE, AAG<br>JENNIFER J. CORCORAN, AAG** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff commenced this action on November 20, 2019, alleging Eighth Amendment

excessive force, deliberate indifference, and failure-to-intervene claims against Defendants. *See*

Dkt. No. 1. The crux of Plaintiff's claims is that on February 22, 2019, Defendants exercised excessive force by physically and sexually assaulting him, while supervisors looked on and failed to intervene. Plaintiff also claims that Defendant Wilson failed to provide reasonable and appropriate medical care for injuries he sustained in the use of force incidents.

Trial is scheduled to commence on September 5, 2023. Currently before the Court are the parties' pre-trial motions *in limine*. *See* Dkt. Nos. 273, 283 & 284.[1]

## II. BACKGROUND

For a complete recitation of the relevant background information, the Court refers the parties to Magistrate Judge Dancks' June 21, 2022 Order and Report-Recommendation.

## III. DISCUSSION

**A.    Standard of Review**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94 Civ. 5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering motions *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as

---

[1] Defendants filed two motions *in limine* seeking identical relief. *See* Dkt. Nos. 283 & 284. Defendants' second motion *in limine* simply included as an exhibit an overview of Plaintiff's criminal history. *See* Dkt. No. 284 at 9-12.

"the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

**B.     Plaintiff's Criminal Conviction**

Defendants argue that they should be permitted on cross examination to inquire into the essential facts of Plaintiff's felony conviction. *See* Dkt. No. 284 at 3-6. Defendants note that on May 7, 2018, Plaintiff was sentenced to a minimum of three years and six months to a maximum of seven years of imprisonment for one count of Reckless Endangerment in the First Degree, a class D felony. *See id.* at 3. Defendants contend that pursuant to Rule 609 of the Federal Rules of Evidence, they should be able to question Plaintiff about his 2018 conviction and the sentence he received. *See id.* at 6. In his motion *in limine*, Plaintiff contends that his criminal history constitutes impermissible propensity evidence under Rule 404(b) and is otherwise inadmissible under Rule 609. *See* Dkt. No. 273-1 at 2-6.

Rule 609 of the Federal Rules of Evidence vests broad discretion in the district court to admit or exclude evidence of prior convictions. *See United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984). Rule 609(a) provides that:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> > (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
> > (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the

>    elements of the crime required proving – or the witness's admitting
>    – a dishonest act or false statement.

Fed. R. Evid. 609(a).

"The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) (quotation omitted). In "balancing the probative value against prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing *United States. v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977)) (other citation omitted). "Although all of these factors are relevant, '[p]rime among them is [the first factor, *i.e.*,] whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)). "[C]rimes of violence generally have limited probative value concerning the witness's credibility' and ... theft 'crimes have greater impeachment value[.]'" *Estrada*, 430 F.3d at 618 (quotation omitted).

In the present matter, the Court finds that, although the impeachment value of Plaintiff's conviction for Reckless Endangerment in the First Degree is limited, the remaining factors weigh in favor of granting Defendants' motion. Plaintiff's conviction is from 2018 and his credibility is a

central issue in this case.² Finally, the third factor weighs in favor of admission because the crime of conviction does not bear a close resemblance to the conduct at issue in this case, thereby limiting the amount of prejudice to Plaintiff. *See Somerville v. Saunders*, No. 9:11-cv-556, 2014 WL 272415, *9 (N.D.N.Y. Jan. 24, 2014) (quoting *Stephen v. Hanley*, No. 03–CV–6226, 2009 WL 1471180, *5 (E.D.N.Y. May 21, 2009)); *see also Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993).

In addition to the factors discussed above, the Court must also consider the standard Rule 403 factors: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, these factors also weigh in favor of permitting Defendants to question Plaintiff regarding the statutory name, sentence imposed, and date of conviction. Limiting the evidence to the statutory name, sentence imposed, and date of conviction reduces any risk of unfair prejudice.

Accordingly, the Court grants this aspect of Defendants' motion *in limine*.

## C. Indemnification by the State

Defendants contend that whether or not they will be indemnified in this matter has not yet been determined. *See* Dkt. No. 284 at 6. Defendants argue that, while it is possible that they will be indemnified for a resulting judgment, "a suggestion that the State would pay any judgment would be misleading and extremely prejudicial to the individual Defendants in this case." *Id.* Accordingly, Defendants contend that Plaintiff should be precluded from mentioning that Defendants may be indemnified. *See id.* Plaintiff has not responded to Defendants' motion.

---

² In his motion, Plaintiff contends that "this case does not hinge on Plaintiff's credibility[.]" Dkt. No. 273-1 at 6. The Court disagrees. This case hinges entirely on the parties' credibility and any prejudice to Plaintiff is significantly reduced by limiting this evidence as noted above. While there appears to be some video evidence of the incident in question, videos in these cases rarely capture the entirety of the event in question.

The Court agrees with Defendants. Reference to potential indemnification would be unduly prejudicial and is entirely irrelevant. All references to indemnification or potential indemnification will be precluded. *See Nunez v. Diedrick*, No. 14-cv-4182, 2017 WL 4350572, *2 (S.D.N.Y. June 12, 2017) (holding that "the Court, like several other district judges in this Circuit, finds that references to the City's potential indemnification obligations would serve no probative value and potentially cause unwarranted prejudice"); *see also Coleman*, 585 F. Supp. 3d 208, 217 (N.D.N.Y. 2022) ("The Court agrees with Defendants that, during the upcoming trial, indemnification would not be relevant to any issue before the jury and would run a significant risk of unfairly prejudicing Defendants") (citation omitted).[3]

Accordingly, the Court grants this aspect of Defendants' motion *in limine*.

**D.     Plaintiff's Inmate Disciplinary History**

Plaintiff contends that Defendants should be precluded from introducing his inmate disciplinary history, since such evidence would constitute impermissible propensity evidence and would be unduly prejudicial. *See* Dkt. No. 273-1 at 6. Defendants have not responded to this aspect of Plaintiff's motion *in limine*.

The Court agrees with Plaintiff that such evidence would constitute impermissible propensity evidence and would be unduly prejudicial. Accordingly, the Court grants this aspect of Plaintiff's motion *in limine*.

---

[3] However, should the jury find that Plaintiff is entitled to an award of punitive damages, Plaintiff may be permitted to introduce evidence relating to an indemnification agreement. *See Mathie v. Fries*, 121 F.3d 808, 816 (2d Cir. 1997) ("Although we do not decide the question of whether a fact-finder can rely upon the existence of an indemnity agreement in order to *increase* an award of punitive damages, we rule that a fact-finder can properly consider the existence of such an agreement as obviating the need to determine whether a defendant's limited financial resources justifies some *reduction* in the amount that would otherwise be awarded") (emphasis in original).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Defendants' motions *in limine* (Dkt. No. 283 & 284) are **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 273) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 31, 2023
      Albany, New York

Mae A. D'Agostino
U.S. District Judge